Mark P. TURNER, Plaintiff,

v.

M.J. RALLS, et al., Defendants.

No. 87–3124–S.

United States District Court,
D. Kansas.

Aug. 22, 1991.

Mark P. Turner, plaintiff pro se.

Martha M. Snyder, Asst. Atty. Gen.,
Topeka, Kan., for defendants.

MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' answer, which incorporates a motion for dismissal. Plaintiff, formerly an inmate at the Lansing Correctional Facility, Lansing, Kansas, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 while incarcerated in that facility. This action was summarily dismissed by the court in an Order dated May 18, 1987; however, the action was subsequently remanded by the United States Court of Appeals for the Tenth Circuit.

Having reviewed defendants' motion, the court makes the following findings and order.

*Factual Background*

At the time of the events in question, plaintiff was incarcerated at the Lansing Correctional Facility following his conviction in Johnson County, Kansas, on two counts of Sexual Exploitation of a Child and one count of Promoting Prostitution. Petitioner had a prior record of a 1971 Texas conviction, and a detainer had been lodged in Kansas from Lubbock, Texas to revoke plaintiff's probation.

In late September or early October 1986, corrections officers conducting a search of plaintiff's cell discovered a number of student directories from elementary and junior high schools in Lubbock, Texas. These directories contained photographs of the students and their home addresses. The search of plaintiff's cell also disclosed copies of several letters sent by plaintiff to Texas school officials in which plaintiff identified himself as a member of the Lansing, Kansas, Parent–Teacher Association and requested sample directories for use in producing a local directory. Additional correspondence examined during this search revealed plaintiff had written to female students pictured in the directories.

In order to provide the addressees of plaintiff's correspondence information regarding plaintiff, corrections officers prepared a brief, factually accurate description of his criminal record and circumstances. This statement was signed by the director

of the facility, and a copy was inserted in plaintiff's non-privileged correspondence for an unspecified period of time. The notice read as follows:

To Whom It May Concern:

This shall serve to notify the addressee of the letter in which this notice is enclosed that the author of the letter, Mark P. Turner, is a convicted felon, currently incarcerated here in the Kansas State Penitentiary, Lansing, Kansas.

Inmate Turner has been convicted of two (2) counts of Sexual Exploitation of a Child, a Class E felony, and one (1) count of Promoting Prostitution, a Class A misdemeanor, in Johnson County, Kansas. In addition, Inmate Turner was convicted of the crime of fondling sexual parts of female child under age of 14 in Dallas, Texas in 1971. There is also an active detainer from Lubbock County, Texas on an application to revoke probation on Turner's conviction for Theft of Property currently lodged against him.

### Discussion

Plaintiff contends the inclusion of this notice in his outgoing correspondence violated his rights under the First Amendment.

The United States Supreme Court addressed the issue of the censorship of prisoner mail in *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), *overruled on other grounds, Thornburgh v. Abbott,* 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989). Under *Martinez,* a regulation or practice for such censorship is justified only where it furthers a substantial governmental interest unrelated to the suppression of expression, furthers a substantial interest in security, order, or rehabilitation, and curtails First Amendment freedoms only to the extent necessary to protect the governmental interest involved. *Id.* at 413–14, 94 S.Ct. at 1811–12.

At least two other federal courts have had occasion to address complaints of interference with inmate correspondence similar to that raised by plaintiff. In *Hearn v. Morris,* 526 F.Supp. 267 (E.D.Ca.1981), the United States District Court for the Eastern District of California struck down a state prison rule which prohibited inmates from corresponding with minors to whom they were not related without the consent of the addressees' parents. That court concluded the challenged practice was unnecessarily broad and therefore invalid under the standards set forth in *Martinez.* In rejecting this practice, however, the court identified as a constitutionally permissible option for prison officials the mailing of a postcard simultaneously with the correspondence to advise the minor's parents of the circumstances. 526 F.Supp. at 271. *Cf. Guajardo v. Estelle,* 580 F.2d 748, 755 n. 4 (5th Cir.1978) (officials may notify parents by postcard that inmate correspondence to minor will be sent if no objection within ten days).

Having reviewed the record in the present case in light of *Martinez* and the decisions cited, this court finds the practice of including a notice with plaintiff's outgoing correspondence was permissible. Not only is the governmental interest in order and rehabilitation significant, the practice adopted here was narrowly tailored. The inmate's communication was not interrupted or delayed by the practice, and the intrusion was minimal and consonant with the goal of implementing the least restrictive means of protecting the governmental interest. Under these circumstances, the court finds the standards set forth in *Martinez* are satisfied and concludes plaintiff is entitled to no relief.

IT IS THEREFORE ORDERED this action is hereby dismissed and all relief denied.